Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.co*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Tad Park*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAWSHEEN DUFFAYDAR, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONDER HOLDINGS INC., FRANCIS DAVIDSON, CHRIS BERRY, and DOMINIQUE BOURGAULT,<br><br>Defendants. | Case No. 2:24-cv-02952-ODW-JC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF TAD PARK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date:   July 8, 2024<br>Time:  1:30 p.m.<br>Crtrm.: 5D<br>Judge:  Hon. Otis D. Wright, II |
| TAD PARK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONDER HOLDINGS INC., FRANCIS DAVIDSON, SANJAY BANKER, CHRIS BERRY and DOMINIQUE BOURGAULT,<br><br>Defendants. | Case No. 2:24-cv-04798 |

Tad Park ("Park") submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to appoint Park as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a (now expanded) putative class (the "Class") of investors who purchased Sonder Holdings Inc. ("Sonder" or the "Company") securities between May 11, 2022 and March 15, 2024, inclusive (the "Class Period").

## I.   PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Park is the "most adequate plaintiff" as defined by the PSLRA.

Park has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Park satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Park respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Park's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Sonder is a hospitality services business which operates and manages properties comprised of apartments and hotel rooms in North America, Europe, and the Middle East. The Company leases properties and makes them available to book either directly, through the Sonder app, website, and sales personnel, or through indirect channels, such as Airbnb, Expedia, and Booking.com. As of September 30, 2023, the Company purported to lease all of its property and have approximately 11,800 units available for guests to book at over 250 properties.

The complaints filed in the above-captioned actions allege that throughout the Class Period the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose to investors: (1) Sonder was not recognizing ROU assets and lease liabilities on its balance sheet in accordance with ASC 842; (2) Sonder's financial statements contained material errors in the valuation and impairment of operating lease ROU assets; (3) Sonder had undisclosed internal control failures; (4) as a result of the foregoing, Sonder was not in compliance with all financial covenants; and (5) as a result, Defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked reasonable basis.

On March 15, 2024, after the market closed, the Company disclosed it had identified an "accounting error" related to the Company's valuation of certain assets and related items, and as a result the Company's financial statements for the year ended December 31, 2022 and throughout fiscal year 2023 could no longer be relied upon. The Company stated the valuation of certain right-of-use ("ROU") lease assets and related items had not considered relevant impairment indications and related valuation information required by Accounting Standards Codification ("ASC") No. 842, and related standards. The Company further explained that, though it had recorded one impairment charge once in the third quarter of 2023, no impairment charges were recorded in the other interim financial statements in 2023

or in the 2022 financial statements. The Company disclosed, as a result, it would have to restate certain finances and such restatements would increase the Company's overall net loss and loss per share in the impacted periods. The Company additionally disclosed that the Company anticipated a review would reveal one or more additional material weaknesses in the Company's internal control over financial reporting, in addition to the Company's previously identified and reported material weaknesses. The Company further disclosed that, as a result, it would not timely file its Annual Report for the year ended December 31, 2023. Finally, the Company disclosed the restatement and related items could have an adverse effect upon the Company's debt, as the Company would now have to seek waivers of noncompliance under the terms of its debt resulting from the accounting errors.

On this news, Sonder's stock price fell $2.10 per share, or 38.2%, to close at $3.40 per share on March 18, 2024, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, Park and members of the class have suffered significant losses and damages.

## III. PROCEDURAL HISTORY

On April 11, 2024, Plaintiff Nawsheen Duffaydar commenced the first-filed securities class action against Sonder and certain of its officers, captioned *Duffaydar v. Sonder Holdings Inc.*, No. 2:24-cv-02952-ODW-JC (the "*Duffaydar* Action"). It was brought pursuant to the Exchange Act on behalf of acquirers of Sonder securities between March 16, 2023 and March 15, 2024, inclusive.

On June 7, 2024, Plaintiff Tad Park filed a similar class action, captioned *Park v. Sonder Holdings Inc.*, No. 2:24-cv-04798 (the "*Park* Action," and together with the *Duffaydar* Action, the "Related Actions"). It was brought pursuant to the Exchange Act on behalf of acquirers of Sonder securities during an expanded class period spanning May 11, 2022 to March 15, 2024, inclusive.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 21-cv-08812-JST, 2022 WL 3571995, at \*1 (N.D. Cal. July 26, 2022) (consolidating actions where "[t]hey involve nearly identical factual issues and legal claims, and consolidating them would promote judicial economy without creating any delay, confusion, or prejudice.")

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present substantially identical legal theories. While the class periods differ, one encompasses the other. Moreover, each action alleges violations of the Exchange Act, each presents the same theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See id.*

### B.    Park Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Park has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Park, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Park respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

## 1.    Park Filed A Complaint And A Timely Motion

On April 11, 2024, notice was published pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of Park for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Park had sixty days (*i.e.*, until June 10, 2024), to file a complaint and/or a motion to be appointed as Lead Plaintiff. Park filed the second complaint. As a purchaser of Sonder securities during the Class Period, Park is a member of the proposed class and has timely filed

a motion for appointment as lead plaintiff within sixty days of the notice in compliance with the first PSLRA requirement. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Park attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See* Linehan Decl., Ex. B. Accordingly, Park satisfies the first requirement to serve as Lead Plaintiff for the Class.

**2.    Park Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Park believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Park purchased Sonder securities at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $2,167,820.70. *See* Linehan Decl., Ex. C. To the best of his knowledge, Park is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Park believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

**3.    Park Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation,

the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)).

### a)   Park's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the

absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Park's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Park suffered losses as a result of his Sonder transactions during the Class Period. Like all members of the Class, Park alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Sonder's operations and financial prospects. Park's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Sonder's stock price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Park's interests and claims are typical of the interests and claims of the Class.

### b)    Park Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Park easily satisfies the adequacy requirements. Park's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Park is] antagonistic to other members of the class or

[his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Park has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). Park resides in Alameda County, California, and has been managing his own investments for approximately 15 years. Park is a portfolio manager for an ETF and has a B.S. in Environmental Economics and Policy Management from U.C. Berkeley. In addition, Park is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Park is adequate to represent the Class, and should be appointed as lead plaintiff.

**C.     The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at \*7. Here, Park has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Park is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Park's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Park's selection of counsel.

**V.     CONCLUSION**

For the foregoing reasons, Park respectfully asks the Court to grant his Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Park as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  June 10, 2024

**GLANCY PRONGAY & MURRAY LLP**

By:  _s/ Charles H. Linehan_

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Plaintiff Tad Park and Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Tad Park, certifies that this brief contains 2,814 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 10, 2024                     *s/ Charles H. Linehan*
                                          Charles H. Linehan

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On June 10, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 10, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan