Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.co*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Tad Park*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAWSHEEN DUFFAYDAR, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONDER HOLDINGS INC., FRANCIS DAVIDSON, CHRIS BERRY, and DOMINIQUE BOURGAULT,<br><br>Defendants. | Case No. 2:24-cv-02952-ODW-JC<br><br>**TAD PARK'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date:   July 8, 2024<br>Time:   1:30 p.m.<br>Crtrm.:  5D<br>Judge:   Hon. Otis D. Wright, II |
| TAD PARK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONDER HOLDINGS INC., FRANCIS DAVIDSON, SANJAY BANKER, CHRIS BERRY and DOMINIQUE BOURGAULT,<br><br>Defendants. | Case No. 2:24-cv-04798 |

Plaintiff and Lead Plaintiff Movant Tad Park submits this memorandum of law in opposition to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 24, 28).[1]

## I.   INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Park (Dkt. No. 20); Michael Paleski ("Paleski") (Dkt. No. 24); and Ashley Walker ("Walker") (Dkt. No. 28).

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Park filed the second complaint in this action to expand the class period to cover claims that should have been included (but were not included) in the original complaint filed in this action by Paleski's counsel. Now, seeing that Park has the largest financial interest in the expanded period, counsel for Walker and Paleski argue that the Court should use the shorter class period for purposes of selecting a lead plaintiff. This request should be rejected because it is contrary to the applicable caselaw, which dictates that the longer class period should be used. It should moreover be rejected because it serves only Paleski and Walker's efforts to be

---

[1] All movants request that the above-captioned related actions be consolidated.

appointed as lead plaintiff, but harms the interests of the class, which would benefit from the longer more inclusive class period that covers more of their claims.

Applying the longer class period, Park has the largest financial interest in the relief sought by the class. Park's financial interest, as measured by his last in, first out ("LIFO") loss is $2,167,820. *See* Dkt. No. 22-3. As such, Park is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Park is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Park should be appointed as lead plaintiff, and his selection of lead counsel should be approved.[2]

## II.    THE COURT SHOULD DENY THE COMPETING MOVANTS' REQUESTS TO SHORTEN THE CLASS PERIOD

Walker and Paleski question Park's motivation for filing a complaint to expand the class period—implying Park has done something improper. *See* Dkt. No. 29 ("Walker MOL") at 1 n.1; Dkt. No. 25 ("Paleski MOL") at 6-7. Park's expansion is completely justified by the allegations in this action. Regardless, it is even more questionable that Walker and Paleski would advocate for shortening the class period at this early stage. *See Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-06140, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008) ("[I]t is unclear why a plaintiff would argue for a shorter class period at this stage, which would have the effect of reducing the class size and limiting the potential amount of damages, unless it was in the best interest of that particular plaintiff only."). As such, the Court should be "wary of arguments advocating a shorter class period instead of the longest potential class period," and reject Walker and Paleski's attacks on Park for expanding the class period. *Id.*

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Courts overwhelmingly hold that the longest class period should be used to select a lead plaintiff when multiple complaints are filed with different class periods. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."); *Khan v. ChargePoint Holdings, Inc.*, No. 23-cv-06172, 2024 WL 2261948, at *2 (N.D. Cal. May 16, 2024) ("In general, when selecting which class period should be used to determine the most adequate plaintiff, the longest relevant class period should govern . . . ."); *Eichenholtz*, 2008 WL 3925289, at *2 (reasoning "no benefits accrue by shortening the class period at this stage in the litigation"). As such, the longer class period alleged in the *Park* Action (May 11, 2022 to March 15, 2024) should be used to select a lead plaintiff here.

Despite the relevant law, Walker argues that the Court should use the shorter class period for purposes of selecting a lead plaintiff. *See* Walker MOL at 6 n.1. Walker argues, without citing authority, that "because putative class members were not afforded sufficient time to review the claims or class period of the *Park* Action, financial interest in the Related Actions should be calculated pursuant to the class period alleged in the *Duffaydar* Action, the only properly noticed action." Walker MOL at 6 n.1. As an initial matter, Park properly published notice of his action immediately after filing it.[3] Moreover, putative class members **were** "afforded sufficient time to review the claims or class period" that are the basis of the *Park* Action. Once notice of the *Duffaydar* Action was published, **all** putative class members had the opportunity to review the claims and class period, just as Park did.

---

[3] *See* "SOND CLASS ACTION NOTICE: Glancy Prongay & Murray LLP Files Securities Fraud Lawsuit Against Sonder Holdings Inc.," available at https://www.businesswire.com/news/home/20240607117105/en/SOND-CLASS-ACTION-NOTICE-Glancy-Prongay-Murray-LLP-Files-Securities-Fraud-Lawsuit-Against-Sonder-Holdings-Inc. (last visited June 15, 2024).

Park reviewed the claims and basis of the fraud, and determined with the assistance of counsel that the class period should be expanded. Park should not now be penalized for his efforts.

Paleski similarly argues that the shorter class period should be used on the basis that "the *Park* Action class period begins on and includes statements which are not connected to the March 15, 2024 corrective disclosures." Paleski MOL at 6. This is incorrect. The March 15 disclosure includes revelations that "the Company's management identified specific errors in the processes and procedures ***surrounding the Company's assessment of the valuation and impairment of its ROU [("[right of use")] lease assets and related items***" which led to errors in certain of the Company's later financial statements. *See Duffaydar* Complaint at ¶ 33 (emphasis added). The Company also disclosed that the "restatement and the ***related items*** discussed in this Form 8-K could have an adverse effect upon the Company's debt, including under the Loan and Security Agreement dated as of December 21, 2022, as amended, with Silicon Valley Bank." *Id.* (emphasis added). However, as early as May 11, 2022, the start of the *Park* Action class period, the Company falsely claimed it was accounting for "right-of-use assets and lease liabilities" in accordance with "new leasing accounting standard ASC 842" effective as of January 1, 2022. *See Park* Complaint ¶ 19. Park credibly alleges that this representation was inaccurate and inflated the Company's stock price relative to what the price would have been had the Company admitted it was not in compliance with ASC 842. When the truth was revealed, Park and other class members that bought after the Company's May 11, 2022 false claims were injured. Park's expansion of the class period is therefore supported by the factual allegations.

Paleski also argues that, in the alternative, a new notice period should be ordered to allow other potential plaintiffs another 60 days to file motions for appointment. *See* Paleski MOL at 6. The request should be rejected since reopening the selection process would "impede the efficiency and economy of class litigation

that the PSLRA promotes." *See Cheng v. Activision Blizzard, Inc.*, No. 21-cv-6240, 2022 WL 304672, at *4 (C.D. Cal. Jan. 30, 2022) (declining to "reopen the lead plaintiff selection process" for an applicant claiming it now had a loss as a result of the class period being shortened, reasoning the movant "had adequate notice regarding the claims and class period asserted by Plaintiffs and had the opportunity to identify themselves and present themselves for the Court's consideration"). Moreover, investors that bought in the expanded period could have done what Park did here: file a case to expand the class period.

Accordingly, the Court should reject Walker and Paleski's requests to shorten the class period at this early stage—a result that may help Walker and Paleski but harm the claims of the class.

## III.   PARK IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST

Park satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Park filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 20; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Park satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 21 at 7-10; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Park has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular method for determining which movant has the largest financial interest, district courts are free to choose any method that is "both rational and consistently applied." *See In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). Courts in this Circuit, however, generally rely on the four-factor *Olsten-Lax* test to determine financial interest, which weighs: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class

period; and (4) the approximate losses suffered. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

Approximate losses is the "most determinative" factor. *See id*; *see also Dixon v. The Honest Co., Inc.*, No. 21-cv-07405, 2022 WL 20611227, at *3 (C.D. Cal. Jan. 26, 2022) (identifying the movant with the largest financial interest based on loss alone); *In re Cheetah Mobile, Inc. Sec. Litig.*, No. 20-cv-5696, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.") (quoting *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005)).

To calculate losses suffered courts in the Ninth Circuit typically use the last in, first out ("LIFO") method. *See Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017); *see also Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (the "weight of authority" uses the LIFO method).

Here, Park has by far the largest financial interest of the competing movants as measure by every factor:[4]

| Movant | Gross Shares/Warrants Purchased | Net Shares/Warrants Purchased | Net Expenditure | LIFO Loss |
|--------|---------|---------|---------|---------|
| Park | 86,945 | 53,833 | $2,246,664 | $2,167,821 |
| Walker | 1,549 | 1,549 | $22,239 | $16,357 |
| Paleski | 1,400 | 1,400 | $9,867 | $4,551 |

As such, Park has the largest financial interest in the relief sought by the class. Since Park also satisfies the requirements of Rule 23, and filed a timely motion, Park is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[4] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions.

## IV.   THE PRESUMPTION THAT PARK IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Park would be inadequate or subject to unique defenses. Park is not aware of any possible basis for such a contention. In fact, Park has been managing his own investments for approximately 15 years, is a portfolio manager for an ETF, and has a B.S. in Environmental Economics and Policy Management from U.C. Berkeley. As such, he is a sophisticated individual, and would be an ideal lead plaintiff. Accordingly, Park should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

## V.   THE LEAD PLAINTIFF'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class.").

Here, Park has selected Glancy Prongay & Murray LLP to be lead counsel. The firm has decades of experience prosecuting securities class actions, and the expertise and resources needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 22-4 (firm résumé). By approving Park's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Park's selection of lead counsel for the class should be approved.

## VI. CONCLUSION

For the foregoing reasons, Park respectfully requests that the Court enter an Order: (1) appointing Park as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; (3) denying the competing motions; and (4) granting such other and further relief as the Court may deem just and proper.

DATED: June 17, 2024

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Plaintiff Tad Park and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Tad Park, certifies that this brief contains 2,271 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 17, 2024                    *s/ Charles H. Linehan*
                                        Charles H. Linehan

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On June 17, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 17, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan