POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Ashley Walker and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAWSHEEN DUFFAYDAR, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SONDER HOLDINGS INC., FRANCIS DAVIDSON, CHRIS BERRY, and DOMINIQUE BOURGAULT,<br><br>        Defendants. | Case No. 2:24-cv-02952-ODW-JC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF ASHLEY WALKER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**<br><br>DATE:  July 8, 2024<br>TIME:  1:30 p.m.<br>JUDGE:  Otis D. Wright, II<br>CTRM:  5D |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:24-cv-02952-ODW-JC; 2:24-cv-04798

TAD PARK, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SONDER HOLDINGS INC., FRANCIS DAVIDSON, SANJAY BANKER, CHRIS BERRY and DOMINIQUE BOURGAULT,

Defendants.

Case No. 2:24-cv-04798-WLH-BFM

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT .................................................................................1

II.   ARGUMENT...........................................................................................................5

    A.    WALKER SHOULD BE APPOINTED LEAD PLAINTIFF ......................5

        1.    The Court Should Assess Financial Interest with Reference to the First-Pled Class Period ........................................................5

        2.    Walker Has the "Largest Financial Interest"...............................8

        3.    Walker Otherwise Satisfies the Requirements of Rule 23 .......................9

    B.    THE COMPETING MOTIONS SHOULD BE DENIED ...........................11

        1.    No Movant has Alleged a Larger Financial Interest than Walker .........11

        2.    Park is Inadequate Under Rule 23 and Subject to Unique Defenses.....11

III.  CONCLUSION.....................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Basic, Inc. v. Levinson*,
 485 U.S. 224 (1988).................................................................................12, 13

*Gutman v. Sillerman*,
 No. 15 Civ. 7192 (CM), 2015 WL 13791788 (S.D.N.Y. Dec. 8, 2015) ...................3, 7

*Harari v. PriceSmart, Inc.*,
 No. 19-CV-958 JLS (LL), 2019 WL 4934277 (S.D. Cal. Oct. 7, 2019)....................10

*In re Bally Total Fitness Sec. Litig.*,
 Nos. 04 C 3530 *et al.*, 2005 U.S. Dist. LEXIS 6243
 (N.D. Ill. Mar. 15, 2005).........................................................................4, 13

*In re BP, PLC Sec. Litig.*,
 758 F. Supp. 2d 428 (S.D. Tex. 2010).......................................................6

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ...............................................................5, 8, 9

*In re Michaels Stores, Inc. Sec. Ligit.*,
 No. 3:03-CV-0246-M *et al.*, 2003 WL 27391238
 (N.D. Tex. Oct. 24, 2003) ....................................................................11

*In re WorldCom, Inc. Sec. Litig.*,
 219 F.R.D. 267 (S.D.N.Y. 2003) .........................................................12

*Karinski v. Stamps.com, Inc.*,
 CV 19-1828-R, 2019 WL 8013753 (C.D. Cal. June 5, 2019)................................4, 10

*Knox v. Yingli Green Energy Holding Co.*,
 136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................1, 8

*Lax v. First Merchants Acceptance Corp.*,
 No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ........................................8

*Lifschitz v. Hexion Specialty Chems., Inc.*,
 No. 08 Civ. 6394(RMB), 2009 WL 734040 (S.D.N.Y. Mar. 18, 2009) ................4, 11

*Maliarov v. Eros Int'l PLC*,
No. 15-CV-8956 (AJN), 2015 WL 1367246 (S.D.N.Y. Apr. 5, 2016) .....................3, 7

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009) ...............................................................................6

*Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012).....................1, 9

*Sneed v. AcelRx Pharmaceuticals, Inc.*,
No. 21-cv-04353, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021) ..........................4, 13

*Vataj v. Johnson*,
2020 WL 532981 (N.D. Cal. Feb. 3, 2020) ................................................................9

*Yeung v. Akorn, Inc.*,
No. 1:15-cv-01944, Dkt. No. 51 (N.D. Ill. June 15, 2015) ......................................3, 8

**Statutes**

15 U.S.C. § 78u-4.........................................................................................1, 5, 11

Private Securities Litigation Reform Act of 1995 ...................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................*passim*

Movant Walker[1] respectfully submits this Memorandum of Points and Authorities in further support of his motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 28); and in opposition to the competing motions of: (i) Tad Park ("Park") (Dkt. No. 20); and (ii) Michael Paleski ("Paleski") (Dkt. No. 24).

## I.    PRELIMINARY STATEMENT

The Related Actions are putative securities class action lawsuits on behalf of investors in Sonder securities.  As with all federal class action securities lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff "the person or group of persons" with the greatest financial interest in the outcome of the Action; and who satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Walker, who incurred losses of approximately $16,357 in connection with his Class Period purchases of Sonder securities.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (emphasizing approximate loss in assessing a lead plaintiff movant's financial interest); *Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D.

---

[1] All capitalized terms herein are defined in Walker's moving brief, unless otherwise indicated.  *See* Dkt. No. 29.

Cal. Jan. 9, 2012) (same).  The table below sets forth Walker's financial interest as compared to those of the competing movants:

| Movant | Loss |
|--------|------|
| Walker | $16,357 |
| Park | $13,350 |
| Paleski | $4,566 |

As the table reflects, Walker possesses the largest financial interest among the alleged losses of the competing movants.  Although one competing movant, Park, claims to have incurred a loss of approximately $2.17 million, Park's losses are improperly inflated because they take into account shares that Park purchased during the 10 months *before* the Class Period in this litigation.  As stated in Walker's motion brief, on the second-to-last business day before the June 10, 2024 lead plaintiff motion deadline, Park filed a Complaint in this Judicial District, alleging substantially similar claims to the first-filed *Duffaydar* action but alleging an expanded Class Period of May 11, 2022 through March 15, 2024.  *See* Declaration of Jennifer Pafiti in Further Support of Motion and in Opposition to Competing Motions ("Pafiti Opp. Decl."), Exhibit ("Ex.") A.  More than 99% of Park's claimed $2.17 million loss was incurred in connection with Sonder securities that he purchased during the 10-month period that he has belatedly attempted to tack onto the original Class Period.  Park's eleventh-hour expansion of the Class Period, with scant notice to the Class, is thus a transparent effort to elevate a five-figure loss into a seven-figure loss.  The Court plainly should not validate Park's gamesmanship and should instead assess the competing movants' financial interests with reference only to the

originally pled Class Period (*i.e.*, March 16, 2023 through March 15, 2024).  *See*, *e.g.*, *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2015 WL 1367246, at \*4 (S.D.N.Y. Apr. 5, 2016) (finding movant inadequate where he engaged in gamesmanship by apparently strategically "fil[ing] his lawsuit alleging . . . additional facts on the last day for potential class members to file a lead plaintiff motion" and that such actions raised the "specter of gamesmanship" as he would not be a lead plaintiff contender otherwise); *Gutman v. Sillerman*, No. 15 Civ. 7192 (CM), 2015 WL 13791788, at \*3 (S.D.N.Y. Dec. 8, 2015) (finding movant and its counsel inadequate for gamesmanship).  At minimum, if the Court chooses to assess the competing movants' financial interest with reference to the expanded class period, Walker respectfully submits that counsel for Park should be required to re-issue notice to afford Sonder investors sufficient time to consider and make an informed decision as to whether they wish to seek appointment as Lead Plaintiff.  *See, e.g.*, *Yeung v. Akorn, Inc.*, No. 1:15-cv-01944, Dkt. No. 51 (N.D. Ill. June 15, 2015) (slip op.) (requiring republication of notice and extending deadline for 60 days where notice of expanded class period was filed on day of original PSLRA deadline for making motions).

In addition to his significant financial interest, Walker also satisfies the typicality and adequacy requirements of Rule 23.  Walker's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the claims of the other Class members.  Walker is aware of no conflict between his interests and those of the Class, his losses incurred as a result of the Defendants' alleged fraud gives him a

sufficient stake in the outcome of this Action to ensure vigorous advocacy, and in Pomerantz, Walker has retained qualified and experienced counsel. *See*, *e.g.*, *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019).

By contrast, Park is an inadequate Class representative, as well as subject to disqualifying unique defenses, by virtue of his prior employment by Sonder. Park's LinkedIn profile indicates that he was a Senior Software Engineer at Sonder for nearly three years. *See* Pafiti Opp. Decl., Ex. B. Even "the appearance of a conflict of interest", which Park's employment history at a minimum creates, renders Park inadequate under Rule 23. *Lifschitz v. Hexion Specialty Chems., Inc.*, No. 08 Civ. 6394(RMB), 2009 WL 734040, at *2 (S.D.N.Y. Mar. 18, 2009). Further, Park's relationship with Sonder means that he will foreseeably be forced to litigate issues arising from the possibility that he was privy to inside information regarding the Company when he purchased Sonder securities—that is, questions unique to Park—at the expense of his ability to litigate the Class's fraud claims. "The PSLRA . . . provides that we ask simply whether [a movant] is likely to be 'subject to' the unique defense . . . ; we do not have to determine that the defense is likely to succeed." *In re Bally Total Fitness Sec. Litig.*, Nos. 04 C 3530 *et al.*, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. Mar. 15, 2005). Finally, the fact that Park did not affirmatively disclose his former employment by Sonder in his motion papers, despite its obvious relevance to this litigation, raises questions about his candor. *See*, *e.g.*, *Sneed v. AcelRx Pharmaceuticals, Inc.*, No. 21-cv-04353, 2021 WL 5964596, at *4 (N.D.

Cal. Dec. 16, 2021) (denying lead plaintiff motion, citing "serious concerns about [movant's] candor").

For the reasons set forth herein, Walker respectfully submits that his motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    WALKER SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movants with the largest financial interest need only make a *prima facie* showing at this stage that they satisfy the typicality and adequacy requirements of Rule 23.  *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).  Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  Here, the most adequate representative for the Class is Walker.

### 1.    The Court Should Assess Financial Interest with Reference to the First-Pled Class Period

As a threshold matter, Walker respectfully submits that the Court should assess the competing movants' financial interest with reference to the Class Period as alleged in the first-filed *Duffaydar* Action, rather than the improperly expanded class period that Park— and ***no other movant***—asks the Court to use.  While courts generally use the longest class

period alleged, "[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they have the largest financial interest." *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination").

The *Duffayday* Complaint was filed on April 11, 2024, alleging that the Defendants made false and/or misleading statements between March 16, 2023 and March 15, 2024 (*i.e.*, the Class Period). *See generally* Dkt. No. 1. Fifty-seven days later, and just one business day before the June 10, 2024 motion deadline, Park filed his own Complaint, which alleged an expanded class period beginning on May 11, 2022, roughly ten months earlier than the start date of the original Class Period. *See Park* Dkt. No. 1 ¶ 1. Park's counsel published notice advising Sonder investors of the expanded class period at 7:00 p.m. EST on June 7, 2024—that is, on the Friday night before the Monday motion deadline. *See* Pafiti Opp. Decl. Ex. A.

Given the timing of the filing of Park's Complaint, it is highly doubtful that any meaningful number of Sonder investors learned of the expanded class period prior to the June 10, 2024 motion deadline and more doubtful still whether any had sufficient time before the motion deadline to consider and make an informed decision as to whether, in

light of the expanded class period, they wished to seek appointment as Lead Plaintiff.

Moreover, considered *in toto*, the circumstances of Park's class period expansion smack

of gamesmanship.  Conspicuously, Park's claimed investment losses under the expanded

class period are $2.17 million.  *See* Dkt. No. 22-3.  Under the original Class Period,

however, his claimed losses are only ***$13,350****.  See id.*; *see also* Pafiti Opp. Decl. Ex. C.

More than ***99%*** of Park's investment losses were thus incurred in connection with his

purchases of Sonder securities during the 10-month interval by which he expanded the

Class Period.  Respectfully, Park's conduct suggests a deliberate effort to seize control of

this litigation by manufacturing a massive financial interest, at the last minute, without

meaningful notice to other Class members.  Walker respectfully submits that the Court

should not reward such gamesmanship by accepting Park's expanded class period.  *See*,

*e.g.*, *Eros Int'l*, 2015 WL 1367246, at *4 (finding movant inadequate where he engaged

in gamesmanship by apparently strategically "fil[ing] his lawsuit alleging . . . additional

facts on the last day for potential class members to file a lead plaintiff motion" and that

such actions raised the "specter of gamesmanship" as he would not be a lead plaintiff

contender otherwise); *Sillerman*, 2015 WL 13791788, at *3 (finding movant and its

counsel inadequate for gamesmanship).  At minimum, if the Court chooses to assess the

competing movants' financial interest with reference to the expanded class period, Walker

respectfully submits that counsel for Park should be required to re-issue notice to afford

Sonder investors sufficient time to consider and make an informed decision as to whether

they wish to seek appointment as Lead Plaintiff. *See, e.g.*, *Yeung v. Akorn, Inc.*, No. 1:15-cv-01944, Dkt. No. 51 (N.D. Ill. June 15, 2015) (slip op.) (requiring republication of notice and extending deadline for 60 days where notice of expanded class period was filed on day of original PSLRA deadline for making motions).

### 2.     Walker Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person *or group of persons* that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii) (emphasis added). The PSLRA does not prescribe a particular method of calculating the size of a movant's financial interest in the relief sought by the class. *See id.* § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002) ("[T]he court may select accounting methods that are both rational and consistently applied."). Courts in the Ninth Circuit, including in this District, routinely assess the financial interest of lead plaintiff movants by examining the four *Lax* factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997); *see, e.g.*, *Knox*, 136 F. Supp. 3d at 1163 ("District courts have typically considered the [*Lax*] factors to determine who has the

largest financial interest[.]" (internal quotation marks and citations omitted)); *Royal Oak*, 2012 WL 78780, at *4 (same).

Under the foregoing analysis, no competing movant seeking appointment as Lead Plaintiff in this litigation has alleged a larger financial interest in the litigation than Walker in connection with their purchases of Sonder securities during the original Class Period. Here, as the chart at p. 2 reflects, Walker has incurred an investment loss of $16,357 in connection with the Defendants' alleged fraud. Park, meanwhile, claims to have incurred losses of only $13,350 in connection with his purchases of Sonder securities during the original Class Period. Walker thus plainly has the largest financial interest in this litigation among the competing movants.

### 3.     Walker Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Walker has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31.

First, Walker's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *Vataj v. Johnson*, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Walker, like other Class members, purchased Sonder securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of

those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23.  *Id.*

Second, Walker satisfies the adequacy requirement of Rule 23(a)(4) because his interests are aligned with those of the Class, he is incentivized to prosecute this litigation vigorously on behalf of the Class, and he has retained counsel for the Class, Pomerantz, that is qualified and competent.  *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari v. PriceSmart, Inc.*, No. 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).  Here, there is no evidence of antagonism or conflict between Walker's interests and those of the Class, Walker has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, Walker has submitted a signed Certification declaring his commitment to protecting the interests of the Class (*see* Dkt. No. 30-3), and, in Pomerantz, Walker has retained counsel that is highly experienced in vigorously and efficiently prosecuting class actions like the Related Actions (*see, e.g.*, Dkt. No. 30-5).

*****

Because Walker has the largest financial interest of any competing Lead Plaintiff movant in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, he is the presumptive "most adequate" plaintiff of the Class within the meaning of the PSLRA.

MEMORANDUM OF POINTS AND AUTHORITIES - 2:24-cv-02952-ODW-JC; 2:24-cv-04798-WLH-BFM

10

To overcome the strong presumption entitling Walker to appointment as Co-Lead Plaintiffs, the PSLRA requires "*proof*" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

### B.    THE COMPETING MOTIONS SHOULD BE DENIED

#### 1.    No Movant has Alleged a Larger Financial Interest than Walker

Given that Walker has alleged the largest financial interest in the relief sought by the Class, it is self-evident that no other movant can satisfy the PSLRA's first criterion for appointment as Lead Plaintiff.  This fact alone mandates denial of their motions.

#### 2.    Park is Inadequate Under Rule 23 and Subject to Unique Defenses

Separate and apart from lacking the largest financial interest in this litigation, Park is further ineligible for appointment as Lead Plaintiff because of his former employment by Sonder.  Park's LinkedIn profile states that he worked as a Senior Software Engineer at Sonder between July 2017 and March 2020, a period of nearly three years.  *See* Pafiti Opp. Decl. Ex. B.  Park's recent employment by one of the Defendants in this litigation creates, at a minimum, "the appearance of a conflict of interest" that undermines Park's adequacy.  *Hexion Specialty Chems.*, 2009 WL 734040, at *2.  Park's employment at Sonder also raises the possibility that, in connection with either the commencement and/or termination of his employment, there was some "agree[ment] to release each other from all claims and actions they have or may have against each other." *In re Michaels Stores,*

*Inc. Sec. Ligit.*, No. 3:03-CV-0246-M *et al.*, 2003 WL 27391238, at \*2 (N.D. Tex. Oct. 24, 2003).  Such an agreement would obviously impede Park's ability to pursue fraud claims against Sonder and its officers as Lead Plaintiff.

Park's former employment by Sonder also subjects him to a disqualifying unique defense relating to the presumption of reliance established in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988), that "[a]n investor who buys or sells stock at the price set by the market does so in reliance on the integrity of that price.  Because most publicly available information is reflected in market price, an investor's reliance on any public material misrepresentations . . . may be presumed for purposes of a Rule 10b-5 action." *Basic*, 485 U.S. at 247.  The *Basic* presumption is rebuttable if a defendant "can make 'any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at fair market price[.]'" *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 292 (S.D.N.Y. 2003) (quoting *Basic*, 485 U.S. at 248).  Here, if Park is appointed Lead Plaintiff, Defendants will no doubt aggressively litigate the question of whether Park, as a former Sonder employee, had access to any non-public information that might have influenced his decision to invest in the securities at issue in this litigation, in an effort to rebut the *Basic* presumption by establishing that he did ***not*** rely on the Defendants' alleged misstatements when he purchased Sonder securities.  The PSLRA . . . provides that we ask simply whether [a movant] is likely to be 'subject to' the unique defense . . . ; we do not have to determine that the defense is likely to succeed."

*Bally Total Fitness*, 2005 U.S. Dist. LEXIS 6243, at *19.  In the best-case scenario, Park will have to devote considerable time and energy to litigating these issues, which are unique to him and irrelevant to other Class members.  At worst, Defendants will succeed in rebutting the *Basic* presumption, thereby disqualifying Park as a Class representative and prejudicing the interests of the Class.  There is simply no reason to subject the Class with such a compromised representative.

Finally, the fact that Park did not disclose his former employment by Sonder in his motion papers, despite its obvious relevance to assessing his fitness as a Lead Plaintiff, raises questions about his candor.  *See*, *e.g.*, *AcelRx Pharmaceuticals*, 2021 WL 5964596, at *4 (denying lead plaintiff motion, citing "serious concerns about [movant's] candor to his attorney and this Court", when movant failed to disclose relevant information about his background).  The Lead Plaintiff in this litigation will be required to act with full candor at all times—including, without limitation, candor to the Court and to his fellow Class members.  Respectfully, Park's conduct to date should not reassure the Court that he is prepared to show such candor.

## III.   CONCLUSION

For the foregoing reasons, Walker respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Walker as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES - 2:24-cv-02952-ODW-JC; 2:24-cv-04798-WLH-BFM

13

Dated:  June 17, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Ashley Walker and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant Ashley Walker*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti