ROBERT V. PRONGAY (SBN 270796)
  rprongay@glancylaw.com
EX KANO S. SAMS II (SBN 192936)
  esams@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff Tad Park*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAWSHEEN DUFFAYDAR, individually and on behalf all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SONDER HOLDINGS INC., et al., FRANCIS DAVIDSON, CHRIS BERRY, AND DOMINIQUE BOURGAULT<br><br>    Defendants. | Case No. 2:24-cv-02952-ODW (JCx) [c/w: 2:24-cv-04798-ODW (JCx)]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date:   May 5, 2025<br>Time:  1:30 p.m.<br>Place:  Courtroom 5D, First Street Courthouse<br>Judge: The Hon. Otis D. Wright, II |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## I.    INTRODUCTION

In connection with Defendants' Motion to Dismiss Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion"), Defendants also submit a Request for Judicial Notice in Support of Defendants' Motion to Dismiss the Amended Complaint for Violations of the Federal Securities Laws ("Request").[1] Through this Request, Defendants ask the Court to adopt inferences against Plaintiff, and they submit documents for the truth of the matter asserted, in contravention of the principle that courts must construe the facts alleged "in the light most favorable to plaintiffs." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005); *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

Accordingly, Plaintiff opposes Defendants' Request for the truth of the matters asserted in the documents.  Plaintiff also objects to the consideration of any exhibit for the purpose of establishing the truth of the Defendants' characterization of any exhibit and any resulting inferences.

## II.    ARGUMENT

The Ninth Circuit has declared that, properly used, the incorporation by reference doctrine and judicial notice do have a role at the pleading stage, but the "overuse and improper application of [these doctrines] can lead to unintended and harmful results."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  In *Khoja*, the Ninth Circuit specifically warned against defendants attempting to "exploit[] these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id*.

Relevant here, Defendants cannot "pile on numerous documents to their motions to dismiss" to present their own version of the facts.  *Id*.  Indeed, "Defendants repeatedly do what *Khoja* forbids - ask the Court to take judicial notice of documents

---

[1] Defendants are: (1) Sonder; (2) Chief Executive Officer ("CEO") Francis Davidson ("Davidson"); (3) Interim Chief Financial Officer ("CFO") Chris Berry; and (4) CFO Dominique Bourgault ("Bourgault").

that they then use as a basis to challenge the factual averments in the complaint." *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018).

For example, Defendants attempt to use Exhibit 8 (excerpts from Sonder's Form 10-K for the year ending December 31, 2022) for the truth of the matter asserted. Specifically, Defendants cite to Exhibit 8 to support their contention that there was "complexity of applying ASC 842." Motion at 5. Defendants also attempt to use Exhibit 8 to assert that Sonder's accounting for leases "required extensive audit effort due to the volume and complexities of the Company's leases and a high degree of auditor judgment and an increased extent of audit effort[.]" *Id*. Defendants also reference Exhibit 3 (Accounting Standards Update No. 2021-05, *Leases (Topic 842)*, issued by the Financial Accounting Standards Board (FASB) and published in July 2021) and Exhibit 4 (FASB's Accounting Standards Update No. 2016-02, *Leases (Topic 842)*, published in February 2016.) for their assertion that the initial ASC 842 Update "is a dense 200-page publication filled with accounting jargon, technical requirements, and cross-references to other provisions, and its complicated nature was one reason FASB delayed the effective date for companies such as Sonder." *Id*. at 10. Additionally, Defendants again cite to Exhibit 8 for the contention that "both Sonder and Deloitte specifically discussed the complexities of the rule and the nuances associated with a recently public company applying it to particular types of leases for the first time." *Id*. at 10-11.

The Ninth Circuit has made it clear that the incorporation by reference "doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003. Thus, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. Moreover, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. at 999. The documents' "content[s], and the

inferences properly drawn from them, . . . is not a proper subject of judicial notice under Rule 201." *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008). "Although the ***existence*** of a document may be judicially noticeable, the truth of statements contained in the document and ***its proper interpretation are not subject to judicial notice***." *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440 (9th Cir. 2010) (emphasis in original).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff opposes judicial notice for the truth of the matters asserted within the documents submitted in connection with Defendants' Request.  Plaintiff also objects to the consideration of any exhibit for the purpose of establishing the truth of Defendants' characterization of any exhibit and any resulting inferences.

DATED:  April 7, 2025                **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com
       esams@glancylaw.com

*Attorneys for Plaintiff Tad Park*