**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
SUSAN S. MUCK (SBN 126930)
   Susan.Muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
   Kevin.Muck@wilmerhale.com
WILLIAM Z. BRENC (SBN 318544)
   William.Brenc@wilmerhale.com
50 California Street, Suite 3600
San Francisco, California 94111
Telephone: (628) 235-1000

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
JESSICA LEWIS (SBN 302467)
   Jessica.Lewis@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAWSHEEN DUFFAYDAR, Individually and on behalf all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SONDER HOLDINGS INC., FRANCIS DAVIDSON, CHRIS BERRY, and DOMINIQUE BOURGAULT, <br><br> Defendants. | Case No. 2:24-cv-02952-ODW (JCx) [c/w: 2:24-cv-04798-ODW (JCx)] <br><br> **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** <br><br> Date:   May 5, 2025 <br> Time:   1:30 p.m. <br> Place:  Courtroom 5D, First Street Courthouse <br> Judge:  The Hon. Otis D. Wright, II |

DEFTS.' REPLY ISO RJN IN SUPP. OF
MOT. TO DISMISS

No. 2:24-cv-02952-ODW (JCx)

In support of their Motion to Dismiss (ECF 49), Defendants submitted twelve exhibits that are all incorporated by reference in the Complaint and/or subject to judicial notice.  ECF 49-2.  In his Opposition to Defendants' Request for Judicial Notice ("RJN Opp." [ECF 51-1]), Plaintiff does not contest that every exhibit offered by Defendants is judicially noticeable and/or within the scope of the incorporation by reference doctrine.  Instead, Plaintiff objects to three exhibits – Financial Accounting Standards Board (FASB) updates to Accounting Standards Codification (ASC) 842 (Exhibits 3 and 4) and the Form 10-K filed by defendants Sonder Holdings Inc. ("Sonder") for the year ending December 31, 2022 (Exhibit 8) – on the grounds that Defendants supposedly "submit[ted] documents for the truth of the matter asserted."  RJN Opp. at 1.  Plaintiff's contention is frivolous: in no way are these documents being offered to prove the truth of any disputed factual matter, and courts routinely consider such materials in cases governed by the PSLRA.  The Court should therefore overrule Plaintiff's objections.

With regard to Exhibits 3 and 4, Plaintiffs' Complaint (ECF 44) is expressly premised on allegations that, *inter alia*, Defendants improperly applied ASC 842 and that the standard was so "simple" that scienter may be inferred.  *See* Complaint ¶¶25-27, 29, 45, 53-54, 57, 59.  Plaintiff's Opposition to the Motion to Dismiss reiterates those allegations.  *See, e.g.*, ECF 51 at 2-3, 7-8, 11-12, 16-17.  Contrary to Plaintiff's suggestion, Defendants do *not* submit Exhibits 3 and 4 to "dispute facts stated in a well-pleaded complaint," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018), but instead so that the Court may assess Plaintiff's characterizations of the relevant accounting standards.  Such a review is entirely appropriate under the PSLRA.  *See, e.g.*, *Perrin v. Sw. Water Co.*, 2011 WL 10756419, *10 (C.D. Cal. June 30, 2011) (examining GAAP provisions and finding they did not "illustrate the simplicity of the violated rules"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether allegations satisfy PSLRA's standards, courts may consider

"documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Khoja*, 899 F.3d at 1002 (rule ensures plaintiffs cannot merely cite "portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims").

Indeed, courts routinely consider accounting standards in cases such as this, particularly where (as here) Plaintiff relies on them and does not dispute their accuracy. *See, e.g.*, *Perrin*, 2011 WL 10756419, *10; *Garcia v. J2 Global, Inc.*, 2021 WL 1558331, *9 (C.D. Cal. Mar. 5, 2021), *aff'd*, 611 F. App'x 387 (9th Cir. 2015); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008). Plaintiff tellingly ignores these authorities.

Similarly, Exhibit 8 (Sonder's 2022 10-K) is submitted for the purpose of demonstrating what was disclosed to investors regarding the complexity and application of ASC 842. That is entirely proper. *See, e.g.*, *Mendoza v. HF Foods Group, Inc.*, 2021 WL 3772850, *2 (C.D. Cal. Aug. 25, 2021) (Wright, J.); *Lechner v. Infusystem Holdings, Inc.*, 2017 WL 11593803, *1-2 (C.D. Cal. Dec. 15, 2017) (Wright, J.). Moreover, even if Defendants had submitted Exhibit 8 (or other materials incorporated by reference into the Complaint) for truth of the matters asserted, that would be appropriate. *See Mendoza*, 2021 WL 3772850, *2.

In sum, Plaintiff's desperate attempt to prevent the Court from considering materials that he himself relies upon is meritless and underscores the insufficiency of his Complaint.

DATED: April 21, 2025

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By:  */s/ Jessica Lewis*
          Jessica Lewis
*Attorneys for Defendants*