ROBERT V. PRONGAY (SBN 270796)
  rprongay@glancylaw.com
EX KANO S. SAMS II (SBN 192936)
  esams@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff Tad Park*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAWSHEEN DUFFAYDAR, individually and on behalf all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>SONDER HOLDINGS INC., et al., FRANCIS DAVIDSON, CHRIS BERRY, AND DOMINIQUE BOURGAULT<br><br>      Defendants. | Case No. 2:24-cv-02952-ODW (JCx) [c/w: 2:24-cv-04798-ODW (JCx)]<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

On August 13, 2025, Defendants Sonder Holdings, Inc., Francis Davidson, Chris Berry, and Dominique Bourgault ("Defendants") submitted a purported Notice of Supplemental Authority in Support of Defendants Motion to Dismiss ("Notice"). ECF No. 59.  Lead Plaintiff Tad Park ("Plaintiff") disagrees with the argument contained within Defendants' Notice.  Plaintiff also notes that, to date, the Report and Recommendation ("Recommendation") Defendants submit from the out-of-circuit case *Bouzaglo v. Inspirato Inc.*, Civil Action No. 1:23-cv-00438-RMR-SBP, has not been adopted by the district court.  Additionally, plaintiff in that action has filed an objection to the Recommendation.  The objection is attached as Exhibit A.

DATED:  August 26, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com
            esams@glancylaw.com

*Attorneys for Plaintiff Tad Park*

PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
1

# EXHIBIT A

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 60 of 17 Filed 08/26/25    Page 4 of 20    Page ID
#:1007

**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| ILAN BOUZAGLO, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:23-cv-00438-RMR-SBP |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | CLASS ACTION |
| INSPIRATO INCORPORATED, BRENT HANDLER, AND R. WESTER NEIGHBOR, | |
| Defendants. | |

**PLAINTIFF'S OBJECTION TO THE RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE REGARDING DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT**

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 80    Filed 08/26/25    Page 5 of 20    Page ID
#:1008

## TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................... 1

II.     STANDARD OF REVIEW............................................................................................ 1

III.    THE R&R ERRED IN HOLDING THAT PLAINTIFF DID NOT ADEQUATELY
        ALLEGE SCIENTER ................................................................................................ 2

        A.      The R&R Erred by Drawing Inferences in Defendants' Favor and
                Demanding "Direct Evidence" of Scienter .................................................. 3

        B.      The R&R Failed to Properly Analyze Plaintiff's Allegations Collectively and
                Improperly Focused Almost Exclusively Upon Knowledge to Evaluate
                Scienter......................................................................................................... 7

IV.     ALTERNATIVELY, THE COURT SHOULD AFFORD LEAVE TO AMEND ........ 10

V.      CONCLUSION.......................................................................................................... 10

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 60 of 17 Filed 08/26/25    Page 6 of 20    Page ID
#:1009

## TABLE OF AUTHORITIES

### CASES

*Adams v. Kinder-Morgan, Inc.*,
  340 F.3d 1083 (10th Cir. 2003)................................................................ 5, 7, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................. 1

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................. 1, 4

*El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*,
  709 F. Supp. 3d 1296 (D. Colo. 2023)......................................................... 8

*Frank v. Dana Corp.*,
  646 F.3d 954 (6th Cir. 2011)................................................................... 9

*Goldstein v. MCI WorldCom*,
  340 F.3d 238 (5th Cir. 2003)................................................................... 7

*Hall v. Bellmon*,
  935 F.2d 1106 (10th Cir. 1991)................................................................ 10

*Herman & MacLean v. Huddleston*,
  459 U.S. 375 (1983) ............................................................................. 7

*In re Cabletron Sys., Inc.*,
  311 F.3d 11 (1st Cir. 2002)..................................................................... 7

*In re Carter's, Inc. Sec. Litig.*,
  2012 WL 3715241 (N.D. Ga. Aug. 28, 2012).................................................. 6

*In re Gold Res. Corp. Sec. Litig.*,
  776 F.3d 1103 (10th Cir. 2015)................................................................ 5, 9

*In re Medicis Pharm. Corp. Sec. Litig.*,
  2010 WL 3154863 (D. Ariz. Aug. 9, 2010).................................................... 6

*In re Merck & Co., Inc. Sec. Litig.*,
  432 F.3d 261 (3d Cir. 2005)..................................................................... 4

*In re Myriad Genetics, Inc.*,
  2021 WL 977770 (D. Utah Mar. 16, 2021)..................................................... 4, 5

*In re Scholastic Corp. Sec. Litig.*,
  252 F.3d 63 (2d Cir. 2001)...........................................................................................5

*In re Sipex Corp. Sec. Litig.*,
  2005 WL 3096178 (N.D. Cal. Nov. 17, 2005) ............................................................6

*In re VeriFone Holdings, Inc. Sec. Litig.*,
  704 F.3d 694 (9th Cir. 2012)........................................................................................7

*Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*,
  45 F.4th 1236 (10th Cir. 2022)........................................................................ 2, 3, 6, 8

*Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*,
  2024 WL 495965 (D. Utah Feb. 8, 2024)................................................................. 4, 5

*Li v. Colorado Reg'l Ctr. I, LLC*,
  2022 WL 5320135 (10th Cir. Oct. 7, 2022)............................................................... 10

*Matrixx Initiatives, Inc. v. Siracusano*,
  563 U.S. 27 (2011) .......................................................................................................9

*Messner v. USA Techs., Inc.*,
  2016 WL 1466543 (E.D. Pa. Apr. 13, 2016) ................................................................5

*Mild v. PPG Indus., Inc.*,
  2018 WL 6787351 (C.D. Cal. Dec. 21, 2018) ..............................................................6

*Mohammed v. Holder*,
  2009 WL 529549 (D. Colo. Mar. 2, 2009)................................................................. 10

*Plotkin v. IP Axess Inc.*,
  407 F.3d 690 (5th Cir. 2005)........................................................................................5

*Smallen v. The W. Union Co.*,
  950 F.3d 1297 (10th Cir. 2020)....................................................................................9

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) .......................................................................................*passim*

## **STATUTES**

28 U.S.C. §636..............................................................................................................1

28 U.S.C. §636(b)(1)(C) ...............................................................................................1

Case No. 1:23-cv-00438-RMR-SBP     Document 74     filed 08/25/25     USDC Colorado
Case 2:24-cv-02952-SB-JC     Document 50 of 17 Filed 08/26/25     Page 8 of 20   Page ID
#:1011

## **RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1

Rule 72(b)(3) ...................................................................................................... 1

## **REGULATIONS**

17 C.F.R. §240.10b-5(b) ..................................................................................... 1

Case No. 1:23-cv-00438-RMR-SBP     Document 74     filed 08/25/25     USDC Colorado
Case 2:24-cv-02952-SB-JC     Document 50 of 17 Filed 08/26/25     Page 8 of 20   Page ID
#:1011

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 60 of 17 Filed 08/26/25    Page 9 of 20    Page ID
#:1012

## I.    INTRODUCTION

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Civ. Practice Standard 72.3, and 28 U.S.C. §636, Lead Plaintiff Ilan Bouzaglo ("Plaintiff") respectfully objects to the Report and Recommendation of United States Magistrate Judge ("R&R") (ECF No. 73).[1]  The R&R held that the SAC did not adequately plead scienter under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5(b)), and the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## II.    STANDARD OF REVIEW

Rule 72(b)(3) provides that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C).  A plaintiff's allegations need only be "plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  Courts must accept all allegations as true (*Tellabs*, 551

---

[1] Unless otherwise stated, all emphasis is added, all citations and quotations are omitted, and all paragraph references are to Plaintiff's Second Amended Complaint ("SAC").

[2] The R&R stated "[t]he requirement of a strong inference of scienter elevates the plaintiff's pleading burden for that element over the normal plausibility standard of Fed.

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 60 of 17 Filed 08/26/25    Page 10 of 20   Page ID
#:1013

U.S. at 322), consider the complaint in its entirety (*id*.), and construe facts in favor of plaintiff. *Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*, 45 F.4th 1236, 1261 (10th Cir. 2022).

## III.    THE R&R ERRED IN HOLDING THAT PLAINTIFF DID NOT ADEQUATELY ALLEGE SCIENTER

To state an Exchange Act claim, a plaintiff must allege: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Id.* at 1247.  Defendants only challenged the SAC with respect to scienter.

"Scienter is a mental state embracing intent to deceive, manipulate, or defraud, **or** recklessness." *Id.* at 1258-59.  Importantly, "courts must consider the complaint in its entirety . . . .  The inquiry is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs*, 551 U.S. at 322-23 (italics in original).  "The inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the smoking-gun genre, or even the most plausible of competing inferences" – the inference need only be equally plausible to any non-culpable inference. *Id*. at 324.

---

R. Civ. P. 12(b)(6) and cases like *Iqbal*."  R&R at 10.  Though the PSLRA imposed a heightened pleading standard, the plausibility standard is incorporated into that standard. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323-27 (2007).

2

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 68 of 17 Filed 08/26/25    Page 11 of 20   Page ID
#:1014

A.      **The R&R Erred by Drawing Inferences in Defendants' Favor and Demanding "Direct Evidence" of Scienter**

The R&R erred by improperly drawing inferences in Defendants' favor.  Courts must "accept[ ] all well-pleaded factual allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Pluralsight*, 45 F.4th at 1261.  The R&R, however, failed to do so, including with respect to the CWs alleged.  *See, e.g.*, R&R at 14-15, 17-18 (discounting CW1's account that CEO Handler had accountants post entries into Inspirato's financial statements so they looked the way Handler wanted to circumvent GAAP (¶¶48-52)); *id* at 14-15 (discounting CW2's allegations that Inspirato had no process to verify manual entries in its financial reporting systems and CFO Neighbor attended meetings that involved these issues ¶¶54-56); *id* at 16 (discounting – without citing any authority – CW3's allegations that CEO Handler was "inflating numbers" ¶¶58-62); *id* at 22 n.4 (discounting CW4's account of Handler stating "God, I was not meant to run a company this big" as merely indicative "that Handler was stressed").

But the R&R's most egregious errors involved its evaluation of CW5's account. The R&R stated "CW 5 suggests that he had a conversation with Neighbor regarding the misapplication of ASC 842 in or around August 2020, when CW 5 started at the company, and sent him a 'very lengthy email' at 'the beginning of 2021,' but this is long before the alleged violations took place in the first half of 2022, suggesting that there is no connection to the violations alleged here." *Id*. at 17.  The R&R provided no rationale or authority for its determination to disregard these allegations demonstrating CFO Neighbor's scienter.

3

Indeed, as Plaintiff explained in his opposition (ECF No. 71 at 9), the SAC alleges a cogent inference that conversions that took place in 2020 and 2021 related to issues that manifested in 2022.  ¶¶64-71.  "[B]oth post-class-period data and pre-class data could be used to confirm what a defendant should have known during the class period." *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 272 (3d Cir. 2005); *see also Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*, 2024 WL 495965, at *1 (D. Utah Feb. 8, 2024) (same); *In re Myriad Genetics, Inc.*, 2021 WL 977770, at *18 (D. Utah Mar. 16, 2021) ("While some event between early 2017 and August 2017 could have occurred that may have affected Dechairo's scienter, Defendants do not identify any.").  Instead, the R&R held – without any explanation or authority – "there is no connection to the violations alleged here."  R&R at 17.  A court is not free to dismiss based on its "disbelief of a complaint's factual allegations."  *Twombly*, 550 U.S. at 555-56.  Rather, courts must engage in a "comparative assessment of plausible inferences, while constantly assuming the plaintiff's allegations to be true."  *Tellabs*, 551 U.S. at 326-27.  The R&R failed to do so.

The same is true for the fall 2022 meeting.  According to CW5, Inspirato held a large meeting that included CFO Neighbor in which the participants discussed Inspirato's misapplication of ASC 842 and conceded it was a "big issue, and it's wrong."  ¶71.  However, the R&R ruled – again with no reasoning or supporting authority – that "the meeting cannot be probative of whether Neighbor had actual knowledge regarding anything relevant to Plaintiffs' claims, as the related issues arose before the meeting, and the company publicly confessed to those issues either shortly before or after the meeting took place."  R&R at 17.  But "allegations of later-emerging facts can, in some

Case No. 1:23-cv-00438-RMR-SBP     Document 74     filed 08/25/25     USDC Colorado
Case 2:24-cv-02952-SB-JC     Document 60 of 47ed 08/26/25     Page 13 of 20   Page ID
#:1016

circumstances, provide warrant for inferences about an earlier situation." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 698 (5th Cir. 2005); *see also In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) ("Any information that sheds light on whether class period statements were false or materially misleading is relevant."); *Pluralsight, Inc.*, 2024 WL 495965, at *1 (same). Such is true here because the issues discussed during the fall 2022 meeting were the same issues that CW5 discussed with Neighbor in 2020 and 2021 (¶¶64-71), thereby demonstrating that Neighbor was knowledgeable or reckless **the entire period of time**. *See Myriad*, 2021 WL 977770, at *18 (rejecting argument that information was "meaningless" because it "came long after" misrepresentations).

Indeed, contrary to the R&R, this case is far more akin to *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083 (10th Cir. 2003) than *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103 (10th Cir. 2015). In *Adams*, an employee's statements to a defendant before the company acquired a plant that the plant would be unprofitable contributed to scienter. *Adams*, 340 F.3d at 1088-89, 1103. Similarly, CW5 told Neighbor about the serious problems regarding lease accounting from 2020 through 2022. ¶¶64-71. *Gold* has no such facts. The R&R erred by failing to construe these facts in the light most favorable to Plaintiff.

The R&R also erred by holding that "remedial measures taken to address an issue that has already been publicly acknowledged cannot reasonably suggest scienter." R&R at 20; *see also* ¶¶76-77. By so holding, the R&R improperly drew inferences regarding the implementation of such measures in Defendants' favor. Although the R&R cites *Messner v. USA Techs., Inc.*, 2016 WL 1466543 (E.D. Pa. Apr. 13, 2016), the *Messner* court acknowledged that its conclusion may have been different under different facts. *Id*.

5

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 61 of 47 filed 08/26/25    Page 14 of 20    Page ID
#:1017

at 11. Had the R&R drawn inferences in Plaintiff's favor as required (*Pluralsight*, 45 F.4th at 1261), it would have found that Defendants' "announcement of remedial measures" added "to the inference of scienter." *Mild v. PPG Indus., Inc.*, 2018 WL 6787351, at *7 (C.D. Cal. Dec. 21, 2018); *In re Sipex Corp. Sec. Litig.*, 2005 WL 3096178, at *1 (N.D. Cal. Nov. 17, 2005); ECF No. 71 at 13. And although Plaintiff extensively cited the Tenth Circuit's *Pluralsight* decision to support his position (ECF No. 71 at 3, 8, 10-12), the R&R failed to even cite *Pluralsight*, let alone evaluate its impact on the scienter calculus.

The R&R stated further that the relevance of the fact that "ASC 842 can be simple to understand, interpret, and apply, particularly for accounting professionals" (citing ¶78) is "unclear." R&R at 20-21. In his opposition, however, Plaintiff cited *In re Medicis Pharm. Corp. Sec. Litig.*, 2010 WL 3154863 (D. Ariz. Aug. 9, 2010), in which the court explained that "where GAAP provisions are relatively straightforward or basic and the mistake is pervasive over a long period of time, the inference of scienter may be much stronger." *Id*. at *5; ECF No. 71 at 14. Plaintiff also cited *In re Carter's, Inc. Sec. Litig.*, 2012 WL 3715241 (N.D. Ga. Aug. 28, 2012), which explained "[w]here the number, size, timing, nature, frequency, and context of the [GAAP violations] or restatement are taken into account, the balance of the inferences to be drawn from such allegations may shift significantly in favor of scienter." *Id*. at *3; ECF No. 71 at 14. In addition, Plaintiff alleged that because ASC 842 became effective for public companies before private companies (like Inspirato at the time), many of the idiosyncrasies of the implementation became known to accounting professionals. ¶78. The R&R failed to address these cases and facts, and failed to properly analyze these facts holistically with the other facts alleged.

6

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 62 of 47ed 08/26/25    Page 15 of 20    Page ID
#:1018

Additionally, the R&R erred by requiring "evidence" to allege scienter. R&R at 15-16, 19, 21. The PSLRA "does not require pleading all of the evidence and proof thereunder supporting a plaintiff's claim," nor does it "purport to move up the trial to the pleadings stage." *Adams*, 340 F.3d at 1101; *see also In re Cabletron Sys., Inc.*, 311 F.3d 11, 33 (1st Cir. 2002) (the "standards for pleading securities fraud do not require a plaintiff to plead evidence"). Even worse, the R&R's demand for "direct evidence" (R&R at 15-16) is error since circumstantial proof suffices, even at trial. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 n.30 (1983); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 246 (5th Cir. 2003) ("we have never required a plaintiff to present *direct* evidence of scienter in order to withstand dismissal of his securities claims") (italics in original). Thus, the Court should reject the R&R.

**B.    The R&R Failed to Properly Analyze Plaintiff's Allegations Collectively and Improperly Focused Almost Exclusively Upon Knowledge to Evaluate Scienter**

The R&R erred further by improperly scrutinizing Plaintiff's allegations individually rather than collectively as required by *Tellabs*. 551 U.S. at 326. For example, as Plaintiff noted in his opposition (ECF No. 71 at 9-10), CWs 2, 6, and 7 all described CEO Handler and CFO Neighbor as "hands-on" managers, thereby adding to the strong inference of scienter alleged. ¶¶56, 72; *see also In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 710 (9th Cir. 2012) (allegations that defendants "were hands-on managers with respect to operational details and financial statements" support scienter); *Adams*, 340 F.3d at 1106 (same). Yet, without analyzing the facts collectively, the R&R held "[a]t

7

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 63    Filed 08/26/25    Page 16 of 20   Page ID
#:1019

most, the CWs' allegations simply indicate that Inspirato was negligent in how its financial affairs were accounted for." R&R at 19. The R&R also failed to analyze the CW allegations collectively with the totality of the allegations. Indeed, *Tellabs* instructs that "the court's job is not to scrutinize each allegation in isolation." 551 U.S. at 326.

The R&R also ignored facts and discounted the cogent core business inference further supporting scienter. R&R at 19-20. The R&R held that "[s]ince Plaintiffs [sic] have not pled particularized facts showing what executives actually knew, Plaintiffs' [sic] argument regarding the core operations inference does not suggest scienter." *Id*. at 20. Although the Tenth Circuit has held that the core business inference, standing alone, does not support an inference of scienter, it is relevant and can contribute to a strong inference of scienter. *Pluralsight, Inc.*, 45 F.4th at 1264. Inspirato leased most of its properties, it was a small company with only 368 operations employees, and the problems created by its lease accounting were "massive" and "big." ¶¶69, 71, 73, 75. Coupled with the SAC's other scienter allegations (¶¶44-72, 76-83), these facts support a finding of scienter.

The R&R also failed to engage in an adequate collective analysis in evaluating Neighbor's termination. R&R at 21-22. On March 15, 2023, Inspirato announced his termination as CFO and transition to Chief Strategy Officer, and on July 15, 2023, Inspirato terminated Neighbor but did not disclose this fact for five weeks. ¶¶79-82. In his opposition, Plaintiff cited *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, 709 F. Supp. 3d 1296, 1347, 1349–50 (D. Colo. 2023), which held that a departure added to scienter because it "was not only effective immediately—it was retroactive when announced." ECF No. 71 at 14-15. The R&R failed to address

8

Case No. 1:23-cv-00438-RMR-SBP     Document 74     filed 08/25/25     USDC Colorado
Case 2:24-cv-02952-SB-JC       Document 64   Filed 08/26/25     Page 17 of 20   Page ID
#:1020

*InnovAge*, nor the fact that when combined with Plaintiff's other allegations, the facts add to a strong inference of scienter.  *Frank v. Dana Corp.*, 646 F.3d 954, 959-62 (6th Cir. 2011).  Moreover, the R&R also improperly focused almost exclusively upon knowledge to evaluate scienter.  As noted in *Gold*, a plaintiff must allege "a strong inference that defendants' representations were intentionally false *or at least recklessly made*."  776 F.3d at 1112–13.  Although the R&R references recklessness in passing (R&R at 10, 19), it focused almost exclusively on knowledge in its analysis.  R&R at 13-17, 21.

In addition, the R&R erroneously suggested that motive is required to allege scienter.  R&R at 13.  Plaintiff alleged that Handler sold Inspirato stock for proceeds of $317,847.57 while Defendants made positive representations.  ¶¶46-47.  And although the R&R cited *Smallen v. The W. Union Co.*, 950 F.3d 1297 (10th Cir. 2020) for the notion that additional context was required (R&R at 13-14), the R&R failed to address the broader principle that Plaintiff raised (ECF No. 71 at 11): "the absence of a motive allegation is not fatal."  *Tellabs*, 551 U.S. at 325.  Instead, the R&R wrongly suggested that motive was required when the "absence of a motive allegation" is "not dispositive."  *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 48 (2011); *Adams*, 340 F.3d at 1104-05.  In sum, even without the motive allegations, the SAC cogently pleads a strong inference of scienter, not just "as likely" as any competing inferences, but more cogent and compelling than any non-fraud explanation.  Thus, the R&R erred.[3]

---

[3] Since the R&R's holding regarding the primary liability claims were erroneous, its holding regarding the control person claims were also in err.  R&R at 22; ECF No. 71 at 15.

9

## IV.    ALTERNATIVELY, THE COURT SHOULD AFFORD LEAVE TO AMEND

Alternatively, the Court should afford leave to amend because it is not "patently obvious that . . . allowing [plaintiff] an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).  For example, Plaintiff can provide more details regarding CW5's conversations with Neighbor, since the R&R was the Court's first guidance on the sufficiently of the allegations based upon CW5's account. And to address the R&R's discussion regarding the timing of Neighbor's resignation (R&R at 21-22), Plaintiff can allege that the termination occurred on the same day that Inspirato announced its 4Q22 and full-year financial results.  *See, e.g.*, *Li v. Colorado Reg'l Ctr. I, LLC*, 2022 WL 5320135, at *15 (10th Cir. Oct. 7, 2022) (reversing a district court's denial of leave to amend to file a fourth amended complaint); *Mohammed v. Holder*, 2009 WL 529549, at *3 (D. Colo. Mar. 2, 2009) (rejecting R&R that denied leave to amend).

## V.    CONCLUSION

For the foregoing reasons, the Court should reject the R&R.

Dated:  August 25, 2025

GLANCY PRONGAY & MURRAY LLP

By:  */s/ Ex Kano S. Sams II*
Robert V. Prongay
Ex Kano S. Sams II
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
esams@glancylaw.com
clinehan@glancylaw.com

*Attorneys for Lead Plaintiff Ilan Bouzaglo*

Case No. 1:23-cv-00438-RMR-SBP     Document 74     filed 08/25/25     USDC Colorado
Case 2:24-cv-02952-SB-JC     Document 46 of 47 Filed 08/26/25     Page 19 of 20   Page ID
#:1022

THE LAW OFFICES OF FRANK R. CRUZ
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Lead Plaintiff*

11

Case No. 1:23-cv-00438-RMR-SBP    Document 74    filed 08/25/25    USDC Colorado
Case 2:24-cv-02952-SB-JC    Document 60 of 17 Filed 08/26/25    Page 20 of 20   Page ID
#:1023

## **PROOF OF SERVICE**

I hereby certify that on this 25th day of August, 2025, a true and correct copy of

the foregoing document was served by CM/ECF to the parties registered to the Court's

CM/ECF system.

*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II
